FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 11 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JANE DOE,

      Plaintiff,

v.

GRAMBLING T. DOMINIQUE
JR., a/k/a ERNEST EUGENE
SLADE, et al.

      Defendants.

Case No. 1:13-cv-04270-HLM

**MOTION TO QUASH
PLAINTIFF'S SUBPOENAS**

## MOTION TO QUASH PLAINTIFF'S SUBPOENAS

If Internet users could be stripped of [their] anonymity by a civil subpoena enforced under the liberal rules of civil discovery, this would have a significant chilling effect on Internet communications and thus basic First Amendment rights. Therefore, discovery requests seeking to identify anonymous Internet users must be subjected to careful scrutiny by the courts.[1]

The John Doe registrants of the domain names <ReportYourEx.com>, <RemoveNames.com>, <RemoveMyName.com>, and <RemoveAPosting.com>, (the "Does") without waiving the defense of personal jurisdiction and right to file a motion to dismiss under Fed. R. Civ. P. 12(b)(2) (if named in this litigation), file the this motion to quash Plaintiff's subpoenas (Exhibit A) pursuant to Fed. R. Civ. P. 45(d)(3).

---

[1] *Doe v. 2themart.com*, 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001).

## I.   Introduction and Statement of Facts

ReportYourEx.com ("ReportYourEx"), one of the John Doe defendants in this action, is an interactive computer service that allows third parties to post information on its website, much like Craigslist, eBay, Yelp!, Etsy, Pinterest, and a score of other similar businesses, all of which are immune from liability for items posted by their users.  This immunity is enshrined in Congress' enactment of 47 U.S.C. § 230 (*see* ECF 1 ¶¶ 1-6, 8, 26).

This litigation is based on a user submission by Defendant Grambling T. Dominique Jr. ("Dominique") found on ReportYourEx.[2]   ReportYourEx has no desire to have false or defamatory statements on its website (Exhibit B § 3). Furthermore, ReportYourEx recognizes that anyone aggrieved by the third party postings on its site could bring the matter before the Court and, after a long and expensive process, they may be able to receive injunctive relief, removing it (after proving its falsity).[3]

As an act of corporate responsibility, ReportYourEx made a decision to also accept the decisions of private arbitration services pertaining to user submissions on its site.   Some of these arbitration services Truth In Posting LLC,

---

[2] The contents of the post, and the allegedly defamatory statements at issue in this suit, are completely absent from Plaintiff's Complaint (*see generally*, ECF 1).

[3] However, such an injunctive remedy is not available as preliminary relief. *See, e.g., Chevaldina v. R.K./FL Mgmt.*, Case No. 3D12-3189, *2014 Fla. App. LEXIS 1436* at *6 (Fla. 3d DCA Feb. 5, 2014).

<RemoveMyName.com>, <RemoveNames.com>, and <RemoveAPosting.com> (*see* ECF 1 ¶¶ 37, 38; Exhibit C § 1.9).[4] These services tend to be much faster and cheaper than litigation. ReportYourEx's acceptance of findings and decisions from reputable arbitration services allows aggrieved parties to remove content from the site without the time and expense required to litigate the matter in court (*see* ECF 1 ¶¶ 37, 38; Exhibit C § 1.9).[5]

Plaintiff filed suit on December 26, 2013 (*id.*) and contemporaneously filed motions for a protective order, expedited discovery, and a temporary restraining order (ECFs 2-4). On January 3, 2014, the Court entered an order denying much of Plaintiff's desired relief, but allowing her to proceed with expedited discovery in the form of issuing subpoenas to determine the identities of the Does (ECF 5). However, the presently anonymous parties have a right to remain anonymous unless Plaintiff meets her burden of passing "careful scrutiny." *2themart.com*, 140 F. Supp. 2d at 1093.

On February 5, 2014, Plaintiff sought the Does' identifying information from Domains By Proxy (Exhibit A). Plaintiff's subpoenas seek Does' "names, mailing addresses, phone numbers, billing information, email addresses […] and

---

[4] It is worth noting that ReportYourEx will accept arbitral findings from other arbitration services as well, including JAMS and AAA, and any other reputable arbitration service (Exhibit C § 1.9).

[5] Furthermore, this process allows aggrieved parties to obtain relief that may be even more broad than that which a United States court could grant.

all other identifying information." (*Id.* at 2, 6)  The Does now move to quash these subpoenas under Fed. R. Civ. P. 45(d)(3)(A), as they require the disclosure of privileged or other protected material in derogation of the Does' First Amendment rights.

## II.   Legal Standard

The First Amendment protects Does' rights to engage in anonymous expressive activity, including publishing, broadcasting, and evaluating information provided by third parties.[6]  Plaintiff's subpoenas implicate a core Constitutional right.  The Court's exercise of due process is therefore necessary before depriving Does of that right. *2themart.com*, 140 F. Supp. 2d at 1093.  Plaintiff's Complaint, however, is an exercise in "throw it all at the wall, and see what sticks."  Much more is needed for the Court to deprive the Does of their rights, and any critical review of the Complaint, such the analysis in this motion, shows that nothing in Plaintiff's Complaint "sticks" at all, nor could it, no matter how artfully pled.

Georgia has not adopted its own standard for evaluating subpoenas that serve the purpose of "unmasking" and revealing the identities of John Doe

---

[6] *See, e.g., Watchtower Bible & Tract Soc. of N.Y. v. Vill. Of Stratton*, 536 U.S. 150, 166-67 (2002) (invalidating permit requirement for door-to-door petitioning based on anonymity grounds); *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 199-200 (1999) (invalidating requirement that signature collectors wear name badges that would deny their anonymity); *McIntyre v. Ohio Elections Comm.*, 514 U.S. 334, 357 (1995) (invalidating restriction on anonymously distributing political literature); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 460-63 (1958) (reversing order requiring NAACP to disclose its membership list).

defendants.   In order to balance the interests of disclosure against Does' First

Amendment rights, Does urge the Court to adopt the popular standard of *Dendrite*

*v. Doe*, 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001).

Recognizing the right of the defendants to speak anonymously, the *Dendrite*

court required plaintiff to satisfy a five-factor test showing that it 1) notified the

accused of the pendency of judicial proceedings that may reveal their identity and

explained how to present a defense; 2) quoted, verbatim, the allegedly actionable

statements; 3) alleged all elements of the causes of action asserted against the

defendants; 4) presented evidence supporting the claims; and 5) demonstrated that,

on balance and in the particulars of the case, the plaintiff's right to identify the

speaker outweighs the anonymous defendants' First Amendment right to

anonymous speech. *Id.* at 770-71.[7]

At minimum, Plaintiff cannot strip Does' anonymity without showing that

her claims are viable against them, in particular, and can survive a motion for

summary judgment. *Doe v. Cahill*, 884 A.2d 451, 464-65 (Del. 2005) (requiring

plaintiff to present evidence setting forth a *prima facie* case of claims before

authorizing subpoena to reveal anonymous speaker's identity); *Melvin v. Doe*, 836

A.2d 42, 50 (Pa. 2003) (vacating order allowing expedited discovery due to First

---

[7] This test is familiar to Courts within the United States Court of Appeals for the
Eleventh Circuit, which uses a similar standard to protect anonymous news
sources. *See, e.g., U.S. v. Caporale*, 806 F.2d 1487, 1504 (11th Cir. 1986).

Amendment implications and requiring plaintiff to make *prima facie* showing of actual economic harm before permitting disclosure).

The national body of law evaluating subpoenas to identify anonymous speakers requires Plaintiff to show she has <u>viable</u> claims against the John Doe defendants before they are irreparably deprived of their anonymity. In cases of defamation, this requires Plaintiff to submit the statements alleged to be defamatory, so that they may be evaluated as a matter of law. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579-80 (N.D. Cal. 1999) (requiring evidence in support of claims against anonymous defendants before requiring disclosure of defendants' identities); *In re Subpoena Duces Tecum to Am. Online*, 52 Va. Cir. 26, 34, *2000 WL 1210372* at *7 (Va. Cir. Fairfax Cy. 2000), *rev'd on other grounds*, 542 S.E. 377 (Va. 2001) (requiring identification of allegedly defamatory statements before allowing subpoena to identify speaker).

## III.   Argument

Under any standard the Court adopts, Plaintiff cannot meet her burden of showing this Court that it may strip the Does of their right to anonymous speech. Plaintiff has articulated no claims for which the Does (or anyone else) may be held liable, and the Court should quash Plaintiff's subpoenas.

## A. Plaintiff Has Not Met the Constitutional Requirements Required for Unmasking the John Doe Defendants.

A requirement under the *Dendrite*, *Cahill*, and other standards of review is that Plaintiff at least make a *prima facie* case of her claims. Plaintiff fails to meet this standard, and has not even stated any causes of action for which the Court may issue relief. The evidence and other factors considered by this Court are discussed in greater detail *infra*.

### 1. Conspiracy for RICO and RICO Damages

Despite Plaintiff's RICO conspiracy claim being the sole basis for subjecting the Does to this Court's jurisdiction, it is pled almost as an afterthought in her Complaint. This is legally unsupportable. "By filing actions in federal courts that fall short of RICO's substantive threshold, plaintiffs often seek the courts' exercise of federal jurisdiction over litigation that more properly falls within the province of state law remedies." *Gross v. Waywell*, 628 F. Supp. 2d 475, 482 (S.D.N.Y. 2009) (analyzing statistical failure of plaintiff's civil RICO cases; "plaintiffs achieved a final victory in only three of 145 cases – [a] final success rate of a mere two percent").[8]

---

[8] "Virtually everyone who has addressed the question agrees that civil RICO is now being used in ways that Congress never intended when it enacted the statute in 1970." William H. Rhenquist, *Diversity Jurisdiction and Civil RICO*, 21 St. Mary's L.J. 5, 9 (1989). This case is no exception.

To prevail on her RICO claims, plaintiff must allege an illegal agreement to violate a substantive portion of the RICO statute. 18 U.S.C. § 1962(d); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1269 (11th Cir. 2004). "To be guilty of conspiracy [...] parties must have agreed to commit an act that is itself illegal – parties cannot be found guilty of conspiring to commit an act that is not itself against the law." *U.S. v. Vaghela*, 169 F.3d 729, 732 (11th Cir. 1999). "If the underlying cause of action is not viable, the conspiracy claim must also fail." *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1199 (11th Cir. 2004). Where a complaint fails to allege an agreement to violate any substantive portion of RICO, any claims of a conspiracy to violate RICO must be dismissed. *Jackson*, 372 F.3d at 1269; *Fuller v. Home Depot Servs., LLC*, 512 F. Supp. 2d 1289, 1295-96 (N.D. Ga. 2007) ("if the underlying allegations of RICO violations are not viable, a conspiracy claim based on those violations must also fail").

A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts. *Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir. 1997). However, this does not diminish plaintiff's requirement of pleading a violation of RICO. *Fuller*, 512 F. Supp. 2d at 1295-96.

Plaintiff's RICO conspiracy allegations are conclusory incantations of 18 U.S.C. §§ 1961 and 1962, and nothing more (ECF 1 ¶¶ 71-74).[9] This alone is sufficient to deny Plaintiff's RICO conspiracy claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim]"), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

However, this Circuit holds RICO claims to a higher standard, and requires particular pleading under Rule 9(b). *Ambrosia Coal & Cosntr. Co. v. Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007) ("Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity"); *Foxworthy, Inc. v. CMG life Servs.*, Case No. 1:11-cv-2682, *2012 U.S. Dist. LEXIS 53009* at *17 (N.D. Ga. Apr. 16, 2012). To satisfy this standard, Plaintiff must allege 1) precise statements, documents, or misrepresentations made; 2) the time and place of the statement, and the person responsible for making it; 3) the content and manner in which the statements misled the Plaintiffs; and 4) what defendants gained from the alleged fraud. *Ambrosia*, 482 F.3d at 1316-17.

Plaintiff's Complaint alleges no specific statements, no specific acts of the parties, no dates or times, no documents used to further the alleged racketeering

---

[9] Plaintiff's specific request for RICO damages is twice as long as the portion of the Complaint dedicated to articulating her RICO theory (*compare* ECF 1 ¶¶ 71-74 and ¶¶ 76-86).

organization, nor any facts necessary to make out even a vague notion of such an enterprise. In fact, Plaintiff's Complaint alleges the opposite: ReportYourEx directs Internet visitors to arbitration services where the complainant – if successful – may be able to remove content from the ReportYourEx website (ECF 1 ¶¶ 36-38 (noting there is *no guarantee* that these independent services will be successful in removing content from ReportYourEx)).[10]  Reciting only the bare language of 18 U.S.C. § 1962 (*id.* ¶¶ 71-74), Plaintiff attempts to portray Does and the other defendants as a cohesive criminal enterprise. However, making a factual allegation of completely legal (and in fact, laudable) conduct, then following it with a RICO element, does not make it a valid claim.

Plaintiff's RICO conspiracy claim fails as a matter of law for other reasons. Plaintiff fails to allege that Does or any defendants agreed to enter into a conspiracy, but only that they "are employed by or associated with an enterprise that has engaged in interstate commerce." (ECF 1 ¶ 71)  This is an impermissibly broad conception of RICO.  Plaintiff's Complaint lacks any allegation of an "objectively manifested"[11] agreement to violate RICO, any agreement to commit a

---

[10] Plaintiff seems to allege that the absence of a guarantee of success contributes to the alleged racketeering enterprise.  On the contrary, this is a hallmark of valid independent arbitration services.  Certainly JAMS and AAA do not offer guarantees that the complainant will prevail.

[11] *U.S. v. Starrett*, 55 F.3d 1525, 1543 (11th Cir. 1995).

predicate act in violation of RICO, any predicate acts taken in violation of RICO,[12] and any discussion of how defendants' actions constitute extortion – or are unlawful at all (ECF 1 ¶¶ 36-38, 71-74). *Jackson*, 372 F.3d at 1269; *BCCI Holdings*, 119 F.3d at 950; *Fuller*, 512 F. Supp. 2d at 1295-96. Plaintiff's RICO conspiracy claim fails as a matter of law, and is thus an improper basis for allowing Does' identifying information to be revealed.

### 2. Defamation

Georgia law requires claims for defamation to contain 1) a false and defamatory statement concerning Plaintiff; 2) an unprivileged communication to a third party; 3) fault by the defendant amounting to at least negligence; and 4) special harm or the "actionability of the statement irrespective of special harm." *Khadja v. Fannie Mae*, Case No. 1:12-cv-2519, *2012 U.S. Dist. LEXIS 181420* at *29 (N.D. Ga. Nov. 30, 2012); *Saye v. Deloitte & Touche LLP*, 295 Ga. App. 128, 129-30, 670 S.E.2d 376 (Ga. Ct. App. 2002). Plaintiff's Complaint repetitively states the legal conclusion that Dominique's statements on ReportYourEx were defamatory (*see, e.g.*, ECF 1 ¶¶ 1, 2, 3, 6, 8, 39, 40, 43, 44, 45, 48, 54, 60).

---

[12] Plaintiff baldly alleges that defendants have engaged in and derived money from a "pattern of racketeering activity," but does not specify even one specific predicate act causing her harm – let alone the two separate acts of racketeering activity causing her harm required to establish a "pattern of racketeering activity." 18 U.S.C. § 1961(5); *Maiz v. Virani*, 253 F.3d 641, 671 (11th Cir. 2001).

However, Plaintiff fails to ever identify what those allegedly defamatory statements *actually are*.[13]

Plaintiff has not alleged *even one* specific statement made by Mr. Dominique that appeared on the ReportYourEx website (and none attributable to the Does) (*id.*). These vague and conclusory allegations are not sufficient to make out a viable claim for defamation against anyone. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. This Court has repeatedly dismissed defamation claims where Plaintiff has failed to identify or allege any specific statements that are supposedly defamatory. *Khadja*, *2012 U.S. Dist. LEXIS 181420* at *30 ("the claim must fail because Plaintiffs have not alleged the specific statements Defendants made"); *Sarver v. Jackson*, Case No. 2:08-cv-77, *2008 U.S. Dist. LEXIS 92330* *12-13 (N.D. Ga. Nov. 13, 2008) ("The Court finds that general allegations, without identifying specific statements, are insufficient to state a claim for slander, libel, or defamation"); *see also Hoffman-Pugh v. Ramsey*, 193 F. Supp. 2d 1295, 1300 (N.D. Ga. 2002) (forbidding plaintiff from proceeding on defamation claim where complaint did not specify specific defamatory statements). As in those cases, this Court should find that Plaintiff's claim for defamation fails as a matter of law.

---

[13] Furthermore, the Complaint alleges that the defendants are all out of state (ECF 1 ¶¶ 13-19). The Georgia long-arm statute specifically bars defamation claims as a basis for personal jurisdiction within the state. O.C.G.A. § 9-10-91(2).

### 3. Libel *Per Se*

Plaintiff's claim for libel *per se* is a copy of her claim for defamation, but for specific statements where her damages are presumed. Georgia law requires a plaintiff to plead a false statement that accuses him or her of dishonesty, immorality, being guilty of a crime, or otherwise injures him or her in his or her trade or business. *McGowan v. Homward Residential, Inc.*, 500 Fed App'x 882, 885 (11th Cir. 2012), citing *Zarach v. Atlanta Claims Ass'n*, 231 Ga. App. 685, 688, 500 S.E.2d 1 (Ga. Ct. App. 1998). A statement injuring one's trade or business in a claim for libel *per se* must be "especially injurious to the plaintiff's reputation." *Bellemeade, LLC v. Stoker*, 280 Ga. 635, 637, 631 S.E.2d 693 (Ga. Ct. App. 2006).

Like her defamation claim, Plaintiff's libel *per se* claim fails as a matter of law.[14] Plaintiff's claim consists of a repetition of the legal standard for libel *per se* (ECF 1 ¶¶ 47-51), but does not identify a single allegedly libelous statement. Defendants cannot evaluate or defend against allegedly defamatory statements that are never even identified in the Complaint. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. This Court has previously dismissed libel claims where "Plaintiff has not identified any alleged written or verbal false statements," finding that "Plaintiff's factual allegations are insufficient to support claims of slander, libel or

---

[14] Moreover, the defendants are not subject to the Court's personal jurisdiction for this claim. O.C.G.A. § 9-10-91(2).

defamation." *Sarver*, *2008 U.S. Dist. LEXIS 92330* *12-13.  Similarly, the Court

should find Plaintiff's libel *per se* claim fails as a matter of law and thus cannot

justify the Court depriving the Does of their right to remain anonymous.

### 4. Invasion of Privacy – False Light

Plaintiff titles this claim as "publicity that places another in a false light."

(ECF 1 ¶¶ 52-60)  A review of the substance of that claim reveals that Plaintiff

intended this claim to be for invasion of privacy – false light, as the substance of

the allegations relates to Plaintiff claiming she was falsely portrayed on

ReportYourEx.  Does shall evaluate this claim as one for false light invasion of

privacy, as Plaintiff's allegations relate to that claim, rather than one for a violation

of the right of publicity.[15]

The essential element of Plaintiff's false light claim is whether a reasonable

person would find the false light in which the injured party was placed to be highly

offensive. *Brewer v. Rogers*, 211 Ga. App. 343, 350, 439 S.E.2d 77 (Ga. Ct. App.

---

[15] Even if Plaintiff attempted to plead a claim for the violation of her right of publicity, it would also fail based on the allegations in the Complaint (ECF 1 ¶¶ 52-60).  It does not violate the right of publicity to use someone's name to identify him or her. *Allison v. Vintage Sports Plaques*, 136 F.3d 1443, 1451 (11th Cir. 1998).  "Were it otherwise, this 'right of publicity,' fully extended, would eliminate scholarly research, historical analysis, and public comment, because food and shelter, and the financial gain it takes to provide them, are still essentials of human existence. Were it otherwise, no newspaper might identify any person or any incident of his life without accounting to him for violation of his 'right to publicity.'" *Martin Luther King, Jr., Ctr. v. Am. Heritage Products*, 250 Ga. 135, 151 (Ga. 1982) (Weltner, J., concurring).

1993). The interest protected by this claim is "that of reputation, with the same overtones [...] as in defamation." *Id*. Thus, false light's *sine qua non* is that the publicity be false. *Zarach*, 231 Ga. App. 685, 689. Use of descriptive terms like "psycho," which express the opinions of the writer, or use commonplace language that "no reasonable person" would conclude is highly offensive, is insufficient to meet this standard. *Pospicil v. Buying Office*, Inc., 71 F. Supp. 2d 1346, 1361-62 (N.D. Ga. 1999), *citing S&W Seafoods Co. v. Jacor Broadcasting of Atlanta*, 194 Ga. App. 233, 237, 390 S.E.2d 228 (Ga. Ct. App. 1989).

Once again, Plaintiff presents impermissible, thread-bare recitations of this claim's elements, and nothing more (ECF 1 ¶¶ 53-60). Plaintiff claims that defendants have used false language to disparage Plaintiff, but – like Plaintiff's defamation claims – does not specify what those statements actually are, nor what the truth actually is (*id*.). Likely by design, Plaintiff's pleading makes it impossible to know what statements form the bases of her alleged false light injury (*see id*.). Simply having one's name mentioned on a website titled "ReportYourEx" is not, in and of itself, sufficient to show that Plaintiff was presented in a false light – the reports about her and other "exes" could be true, or simply matters of opinion (*see id*. ¶¶ 3, 53). *See Pospicil*, 71 F. Supp. 2d at 1361-62; *S&W Seafoods*, 194 Ga. App. at 237. This is impermissible under Rule 8, which requires factual allegations of wrongdoing sufficient to put the defendants

on notice of the claims against them. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff has failed to set forth this claim for relief.[16]

### 5. Intentional Infliction of Emotional Distress

Intentional Infliction of Emotional Distress ("IIED") contains the following elements under Georgia law: 1) intentional or reckless conduct; 2) conduct that is extreme or outrageous; 3) a causal connection between the wrongful conduct and the emotional distress; and 4) severe emotional distress. *Chung v. JPMorgan Chase Bank, N.A.*, Case No. 1:11-cv-2131, *2013 U.S. Dist. LEXIS 136276* at \*33-34 (N.D. Ga. Sept. 24, 2013), *citing United Parcel Svc. v. Moore*, 238 Ga. App. 376, 377, 519 S.E.2d 15 (Ga. Ct. App. 1999). Extreme or outrageous conduct redressable by this claim must "go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable," as "mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living" do not suffice. *Moore*, 238 Ga. App. at 377. Georgia law has set a high standard for this claim, and requires "some form of physical intimidation, to the point that the

---

[16] The Court should not that a neighboring state, Florida, recently rejected the oft-criticized tort of false light as duplicative of defamation. *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1113-14, (Fla. 2008) ("because the benefit of recognizing the tort, which only offers a distinct remedy in relatively few unique situations, is outweighed by the danger of unreasonably impeding constitutionally protected speech, we decline to recognize a cause of action for false light invasion of privacy"). Before permitting this claim to unmask the Does, this Court should consider certifying the question of whether this claim should remain viable in the State of Georgia to the Georgia Supreme Court.

misdeed approaches ordinary assault." *Cox v. Bankcard Am.*, Case No. 1:97-cv-1219, *1998 U.S. Dist. LEXIS 17970* at *21 (N.D. Ga. 1998), *citing Flanagan v. McKesson Corp.*, 708 F. Supp. 1287, 1289 (N.D. Ga. 1988), *aff'd* 874 F.2d 820 (11th Cir. 1989).

Once again, Plaintiff's failure to identify any of the statements that caused her distress condemn her claim.  As the substance of her IIED claim is based entirely on "Defendants' action in creating and publishing this defamatory statement," (ECF 1 ¶ 64) Defendants have no notice of what the alleged conduct at issue is – let alone if it is outrageous or intolerable. *See Khadja*, *2012 U.S. Dist. LEXIS 181420* at *30; *Sarver*, *2008 U.S. Dist. LEXIS 92330* *12-13; *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Furthermore, the Complaint squarely acknowledges that the Does are not the authors of these unknown statements. (*Id.* ¶¶ 3, 4, 6)

Even if Plaintiff had identified the allegedly defamatory statements forming the basis of her IIED claim, simple name-calling does not constitute IIED in Georgia.  Plaintiff alleges that Defendants merely published statements on the Internet from hundreds of miles away (*Id.* ¶¶ 13, 64 (noting that Dominique was, "at all times relevant, [a] resident of the State of Illinois")).  Plaintiff's own Complaint alleges conduct that is far below the standard of actions approximating physical assault needed to constitute extreme or outrageous conduct in Georgia.

*Flanagan v. McKesson Corp.*, 708 F. Supp. at 1289; *see Cox, 1998 U.S. Dist. LEXIS 17970* at *21 (collecting citations). This claim fails as a matter of law.

> 6. Punitive Damages

Plaintiff seeks punitive damages at numerous points in her Complaint (ECF 1 ¶¶ 88-91, Prayer for Relief §§ 3 and 5). However, punitive damages are derivative of a complaint's underlying claims; where the claims fail, Plaintiff's claim for punitive damages must fail as well. *Khadja, 2012 U.S. Dist. LEXIS 181420* at * 31-32 ("because Plaintiffs cannot sustain any of their underlying causes of action, they also cannot maintain a claim for punitive damages"), *citing Lilliston v. Regions Bank*, 288 Ga. App. 241, 246, 653 S.E. 306 (Ga. Ct. App. 2007); *J. Andrew Lunsford Props., LLC v. Davis*, 257 Ga. App. 720, 722, 572 S.E.2d 682 (Ga. Ct. App. 2002) ("Finally, the claims seeking attorney fees and punitive damages were properly dismissed as derivative of their other dismissed claims"). As Plaintiff's claims cannot succeed, her claim for punitive damages also fails as a matter of law.

### B. Plaintiff Cannot Overcome ReportYourEx's Federal Right of Immunity Against Her State Law Claims Under 47 U.S.C. § 230.

Nearly two decades ago, Congress enacted legislation that immunizes service providers including ReportYourEx from liability for their users' actions. Title 47 of the United States Code, Section 230, provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker

of any information provided by another information content provider." 47 U.S.C. § 230(c)(1).  The law further provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id.* § 230(e)(3).  "'Thus, lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone or alter content – are barred' by [§ 230]" *Hopkins v. Doe*, Case No. 2:11-cv-100, *2011 U.S. Dist. LEXIS 136038* at *4 (N.D. Ga. Nov. 28, 2011), *quoting Zeran v. Am. Online, Inc.*, 129 F. 3d 327, 330 (4th Cir. 1997); *see also Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1321 (11th Cir. 2006) (Holding that Section 230 "preempts state law that is contrary to this subsection," and that the majority of federal circuits have interpreted the law to establish "broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service").

Plaintiff's Complaint establishes that ReportYourEx is the provider of an "interactive computer service" as defined in 47 U.S.C. § 230(f)(2), and thus entitled to the immunities provided in § 230(c) and (e).[17]  Jane Doe alleges that *Mr. Dominique* authored defamatory statements about her and published them on ReportYourEx (ECF 1 ¶¶ 1-6).  Her Complaint acknowledges that ReportYourEx's only role is being the conduit through which Mr. Dominique published his

---

[17] ReportYourEx's Internet service is fully entitled to the First Amendment's protections. *Reno v. ACLU*, 521 U.S. 844, 870 (1997).

statements online (*id*. ¶¶ 8, 26 ("[Dominique] posted a statement about the Plaintiff via reportyourex.com," which ReportYourEx published to the Internet)).   Further, ReportYourEx's Terms of Service expressly disclaim any and all liability for third party submissions as a neutral provider of an interactive computer service, and its guidelines prohibit defamatory content. (Exhibit B §§ 3, 7, 8; Exhibit C § 1.2, 1.4(2), 1.6(2))

ReportYourEx cannot be held liable for Plaintiff's state law claims arising from Dominique's conduct on the site. *Hopkins*, *2011 U.S. Dist. LEXIS 136038* at *5-6; *Giordano v. Romeo*, 76 So. 3d 1100 (Fla. 3d DCA 2011) (finding that, as a result of § 230, < RipoffReport.com> "enjoys complete immunity from any action brought against it as a result of the postings of third party users of its website"). Holding ReportYourEx legally responsible for the actions of its users is impermissible as a matter of federal law. *Id*.   As a result of this federal immunity, Plaintiff's state law claims against ReportYourEx are futile and fail as a matter of law. *Id.*; *see Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999) (finding futility to be equivalent to inadequacy as a matter of law).

### C. The Court Should Adopt the *Dendrite* Standard and Quash Plaintiff's Subpoenas.

This Court should adopt the *Dendrite* standard for evaluating Plaintiff's subpoenas.   Nationwide case law "has begun to coalesce around the basic framework of the test articulated in Dendrite." *SaleHoo Group, Ltd. v. ABC Co.*,

722 F. Supp. 2d 1210, 1214-15 (W.D. Wash 2010). "[A] growing number of courts [...] have recognized that civil subpoenas seeking information regarding anonymous speakers raise First Amendment concerns." *Koch Indus., Inc. v. Doe*, Case No. 2:10-cv-1275, *2011 U.S. Dist. LEXIS 49529* at *26-27 (D. Utah May 9, 2011) (adopting *Dendrite* standard and quashing subpoenas seeking Doe defendant's personally identifying information upon finding plaintiffs failed to state claims for which relief could be granted). In light of the First Amendment rights threatened by Plaintiff's subpoenas seeking to hold defendants liable for expressive conduct, this Court should adopt the same standards.

Plaintiff has failed every single one of the *Dendrite* factors, and the Court should quash her subpoenas. 775 A.2d at 771. As set forth above, Plaintiff has failed to allege a single viable cause of action against the Does whose information is sought. *See Id*. at 770-71. Plaintiff has not even quoted the allegedly actionable statements, failing to both meet her pleading burden and satisfy this factor of the *Dendrite* test (*see generally* ECF 1). *Id*. Additionally, Plaintiff has not submitted any evidence in support of her claims as required by *Dendrite*; her Complaint and subsequent motions placed no evidence on the record in this case (ECFs 1-4). *Id*.

Both remaining *Dendrite* factors weigh in favor of quashing Plaintiff's subpoenas. Plaintiff did not provide any notice of this proceeding, or of her

subpoenas, to Does.[18] Does, through counsel, first made contact with Plaintiff's counsel on February 4, 2014 – only after learning that Plaintiff had subpoenaed Domains By Proxy LLC for their identities (Decl. of J. DeVoy ¶¶ 1-3). Moreover, Does' counsel obtained the subpoenas this motion seeks to quash (Exhibit A) from Plaintiff's counsel only *after* they had been served on Domains By Proxy, LLC, despite Plaintiff's counsel knowing the identity of Does' counsel prior to serving these subpoenas (DeVoy Decl. ¶¶ 5-8). Without assistance of counsel, Does would not have known how to respond to Plaintiff's subpoenas, which did not warn Does that their anonymity may be compromised, or advise them as to how to present a defense to protect their identities (DeVoy Decl. ¶¶ 5-8, 10; Exhibit A).

Does' First Amendment rights outweigh Plaintiff's interest in obtaining their personally identifying information. Plaintiff has not articulated any viable theory of liability against Does, or even identified the allegedly defamatory statements at the base of this lawsuit. In contrast, the revelation of Does' personally identifying information will, at minimum, chill their speech – a cognizable injury to their First Amendment rights. *Cooksey v. Futrell*, 721 F.3d 226, 236-37 (4th Cir. 2012)

---

[18] Despite naming Does as defendants in this action, Plaintiff served her initial subpoena on Domains By Proxy, LLC (*see* ECF 9 Exh. A) and subsequent subpoenas (Exhibit A) without providing notice and a required copy of the subpoena to Does' counsel, despite knowing their identities (DeVoy Decl. ¶¶ 2-3, 5-7). Although Fed R. Civ. P. 45(a)(4) requires Plaintiff to give all parties notice of these subpoenas, the Does raise this point only to show Plaintiff has failed to meet this factor of the *Dendrite* test.

(finding that chilling effect on First Amendment speech constitutes a Constitutional injury); *Harrell v. Fla. Bar*, 608 F.3d 1241, 1254 (11th Cir. 2010) (finding actual injury "when the plaintiff is chilled from exercising her right to free expression or foregoes expression in order to avoid enforcement consequences. In such an instance [...] the injury is self-censorship"), *quoting Pittman v. Cole*, 267 F.3d 1269, 1283 (11th Cir. 2001); *Mangual v. Rotger-Sabat*, 317 F.3d 45, 56 (1st Cir. 2003) (finding chilling of speech to be injury-in-fact to First Amendment rights). The balance of the parties' interests under *Dendrite* – with Plaintiff unable to satisfy even a single one of the test's five factors, and the revelation of Does' personally identifying information causing tangible harm to their First Amendment rights – call upon the Court to quash Plaintiff's subpoenas.

### D. Under Any Other Standard, Requiring at Minimum for Plaintiff to Even State a Claim for Which Relief Must Be Granted, Plaintiff's Subpoenas Must Be Quashed.

While the Court should adopt the *Dendrite* standard, even under alternative standards promulgated by other courts, Plaintiff must still present evidence setting forth a *prima facie* case of her claims. *Seescandy.com*, 185 F.R.D. at 579-90; *Cahill*, 884 A.2d at 464-65; *Melvin*, 836 A.2d at 50; *In re Subpoena Duces Tecum to Am. Online, 2000 WL 1210372* at *7. Plaintiff has failed to submit any evidence to support her claims, or even properly state them.

In addition to failing to state claims upon which relief can be granted, other courts specifically contemplate quashing subpoenas that seek personally identifying information when based on vague, unsupported allegations such as Plaintiff's. At minimum, Plaintiff's Complaint would have had to supply the specific defamatory statements that she claims caused her harm in order to seek Does' personally identifying information. *In re Subpoena Duces Tecum to Am. Online*, *2000 WL 1210372* at *7. The requirement of *prima facie* evidence sufficient to withstand a motion for summary judgment required by these other standards fundamentally requires Plaintiff to state a claim as a matter of law. *Seescandy.com*, 185 F.R.D. at 579-90; *Cahill*, 884 A.2d at 464-65; *Melvin*, 836 A.2d at 50. Even if evidentiary support were unnecessary, Plaintiff has failed to carry her burden. She is not entitled to receive personally identifying information about Does that will impinge upon their First Amendment rights.

## IV.    Conclusion

For the foregoing reasons, the Court should quash Plaintiff's subpoenas, and enter a protective order that prohibits Plaintiff from issuing further subpoenas seeking Does' personally identifying information. Under any standard, Plaintiff has failed to show an entitlement for seeking discovery of Does' identities in this case. Allowing Plaintiff to obtain Does' personally identifying information in this matter will materially impair Does' First Amendment rights to anonymous speech,

and impose a chill on their Constitutionally protected free expression.   Plaintiff may have been aggrieved by *someone* – but that someone is most certainly not any of the Does.

Dated: February 11th, 2014                     Respectfully submitted:

                                               WIGGINS LAW GROUP

                                               _____
                                               Cary S. Wiggins
                                               Ga. Bar No. 757657

Suite 401
260 Peachtree Street, NW
Atlanta, GA 30303
Telephone:  (404) 659-2880
Facsimile: (404) 659-3274
www.wigginslawgroup.com
cary@wigginslawgroup.com


                                               RANDAZZA LEGAL GROUP

                                               Marc J. Randazza
                                               *Pro Hac Vice* Pending

3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
Telephone: (702) 420-2001
Facsimile: (702) 420-2003
www.randazza.com
ecf@randazza.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1, the undersigned certifies that the foregoing document has been prepared with font and size selections approved in Local Rule 5.1

Dated: February 11th, 2014

Respectfully submitted:

WIGGINS LAW GROUP

Cary S. Wiggins
Ga. Bar No. 757657

Suite 401
260 Peachtree Street, NW
Atlanta, GA 30303
Telephone:  (404) 659-2880
Facsimile: (404) 659-3274
www.wigginslawgroup.com
cary@wigginslawgroup.com

## CERTIFICATE OF SERVICE

The undersigned certifies that, as required by Federal Rule of Civil Procedure 5(b), the foregoing document has been served as follows:

Sandra Finch, Esq.
The Russell's Law Firm, PLC
4333 Dunwoody Park, Suite 2213
Atlanta, GA 30338
sandyattorney@gmail.com
(service via U.S. Mail and e-mail)

Truth in Posting LLC
℅ Margaret Pickard
725 S. 8th Street, Suite B
Las Vegas, NV 89101
(service via U.S. Mail)

Grambling T. Dominique
gtdominique72@yahoo.com
(service via e-mail only)

Domains By Proxy LLC
℅ A. Maddux
Compliance Department
14747 N. Northsight Blvd., Suite 111 PMB 309
Scottsdale, AZ 85260
(480) 624-2546 Facsimile
compliancemgr@secureserver.net
(service via U.S. Mail, fax and e-mail)

Dated: February 11th, 2014          Respectfully submitted:

                                    WIGGINS LAW GROUP

                                    _____
                                    Cary S. Wiggins
                                    Ga. Bar No. 757657

Suite 401
260 Peachtree Street, NW

Atlanta, GA 30303
Telephone:  (404) 659-2880
Facsimile: (404) 659-3274
www.wigginslawgroup.com
cary@wigginslawgroup.com

# EXHIBIT A

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

| | |
|---|---|
| JANE DOE | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:13-CV-04270-HLM |
| GRAMBLING T. DOMINIQUE, JR., aka ERNEST SLADE, ET AL | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Compliance Department, Domains By Proxy, LLC, 14747 N. Northsight Blvd., Suite 111, PMB 309, Scottsdale, AZ 85260

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

   Please see all documents listed in the attached "Exhibit A".

| Place: Robert J. Hommel, PC 9304 East Raintree Dr., Suite 100 Scottsdale, AZ 85260 | Date and Time: 02/17/2014 10:00 am |
|---|---|

   ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/05/2014

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Jane Doe
_____ , who issues or requests this subpoena, are:

Sandra Finch, The Russell's Law Firm, PLC, 4333 Dunwoody Park, Unit 2213, Atlanta, GA 30338   706-441-1700
Sandy@russellslawfirm.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Exhibit A to Subpoena to Domains by Proxy, LLC

Please produce the identity of the registered owners of the following domains: REPORTYOUREX.COM, REMOVENAMES.COM, REMOVEMYNAME.COM, REMOVEAPOSTING.COM, and TRUTHINPOSTING.COM including but not limited to all documents, electronically stored information, or tangible things that provide the names, mailing addresses, phone numbers, billing information, email addresses, date of account creation, account information, ownership transfer information, and all other identifying information associated with the listed domain names.

Form of production: All responsive documents may be mailed **in lieu of appearance to the law office of Robert J. Hommel, P.C., 9304 East Raintree Dr., Suite 100, Scottsdale, AZ 85260.** You may produce electronically stored information via CD ROM, DVD, jump drive or any other form that is easily mailed. Please inform us of any and all reasonable costs for production.

Please note: this subpoena is being served upon you as an amendment to a prior subpoena that was served upon you in the same case on January 15, 2014. Because we received a phone call from someone claiming to represent one of the parties in this lawsuit that they intended to file a motion to quash the subpoena because it commanded you to produce documents to our office in Georgia, which is more than 100 miles from your place of business, we are re-serving you with another subpoena requesting virtually the same information.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:13-CV-04270-HLM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Georgia

| | | |
|---|---|---|
| JANE DOE | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:13-CV-04270-HLM |
| GRAMBLING T. DOMINIQUE, JR., aka ERNEST SLADE, ET AL | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Compliance Department, Domains By Proxy, LLC, 14747 N. Northsight Blvd., Suite 111, PMB 309, Scottsdale, AZ 85260

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see all documents listed in the attached "Exhibit A" for inspection at Domains By Proxy, LLC as shown below.

| Place: | Date and Time: |
|---|---|
| | |

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Domains By Proxy, LLC<br>14747 N. Northsight Blvd., Suite 111<br>Scottsdale, AZ 85260 | Date and Time:<br>02/13/2014 12:00 pm |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/05/2014

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Jane Doe
_____ , who issues or requests this subpoena, are:

Sandra Finch, The Russell's Law Firm, PLC, 4333 Dunwoody Park, Unit 2213, Atlanta, GA 30338, 706-461-1760, sandy@russellslawfirm.com

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Exhibit A to Subpoena to Domains by Proxy, LLC

Please produce the identity of the registered owners of the following domains: REPORTYOUREX.COM, REMOVENAMES.COM, REMOVEMYNAME.COM, REMOVEAPOSTING.COM, and TRUTHINPOSTING.COM including but not limited to all documents, electronically stored information, or tangible things that provide the names, mailing addresses, phone numbers, billing information, email addresses, date of account creation, account information, ownership transfer information, and all other identifying information associated with the listed domain names.

Form of production:  **All responsive documents should be gathered for inspection at the premises of Domains By Proxy, LLC, 14747 N. Northsight Blvd., Suite 11, Scottsdale, AZ 85260.**  In lieu of a personal inspection you may produce records by mail before the designated date of inspection, February, 13, 2014 12:00 p.m., to the law office of Robert J. Hommel, 9304 East Raintree Dr., Suite 100, Scottsdale, AZ 85260.  You may produce electronically stored information via CD ROM, DVD, jump drive or any other form that is easily mailed.  Please inform us of any and all reasonable costs for production.

Please note: this subpoena is being served upon you as an amendment to a prior subpoena that was served upon you in the same case on January 15, 2014.  Because you received prior notice of our intent to obtain these records, we believe that it is reasonable for you to have them ready for inspection by February 13, 2014 at 12:00 p.m. at your offices.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:13-CV-04270-HLM

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

- [Home](#)
- [Login](#)
- [About](#)
- [Report Your Ex Here!](#)
- [Removals](#)
- [FAQ's](#)

Find a Cheater... 🔍



- [Home](#)
- [Login](#)
- [Report Your Ex Here!](#)
- [Ex Report](#)
- [FAQ's](#)
- [Removals](#)

[Home](#) » Submissions

# Submissions

## SUBMISSION GUIDELINES

*Effective Date: March 1, 2013*

By contacting ReportYourEx.com ("Site," "we," "us," or "our"), submitting or commenting on a report, you represent, warrant and agree that:

1. You are of l**** age and capacity to form a binding contract. You will not post about anyone under the age of 18.
2. All information you provide is true, complete, accurate and not misleading. You have first hand personal knowledge of the facts you state, your information contains no

hearsay. You are speaking for yourself, expressing your own opinions, and your submissions do not state or imply that you are speaking on anyone else's behalf without their express written authorization. You will carefully review your content prior to submission to ensure compliance with these Submission Guidelines.

3. Your submissions must be grammatically correct, respectful, and contain no defamatory, harassing, obscene, discriminatory, pornographic, illegal or similarly objectionable content. Any promotional, spam and off-topic content will be refused or erased.

4. You own copyright to all text, images, audio and video that you submit. You, thus, warrant that you are either the copyright owner of the content (e.g. you took the picture), have permission from the copyright owner, or your usage constitutes "fair use" or other legally permissible use.

5. Your submissions shall contain no third party trademarks, trade names or logos. You will not submit any links for the purposes of promoting any other websites.

6. By submitting any content, you grant the Site a worldwide, royalty-free, non-exclusive, transferable license (with right to sub-license) to use, reproduce, distribute, prepare derivative works of, display, and perform that content, including without limitation for promoting the Site in any media formats and through any media channels. You represent and warrant that you possess (and will continue to possess) all necessary licenses, rights, consents, and permissions necessary to use your content as contemplated by these Submission Guidelines.

7. You, **not** ReportYourEx.com, are personally liable for any content you submit, rely or react upon. ReportYourEx.com is a neutral venue that does not endorse, approve or evaluate your opinions. You agree to indemnify and hold us harmless from any claims and damages resulting from your submissions.

8. You will not submit anybody's address, email address, telephone number, social security number, credit/debit card information and similar sensitive data.

9. We may disclose your identity, IP address, email and other identifying information in order to abide by court orders, cooperate with law enforcement agencies or parties that reasonably claim your submission violates their intellectual property, privacy or other rights.

10. You may link to our Site and any of its publicly available content in a fair and reasonable way without removing or modifying any of our trademarks, trade names, proprietary rights notices or content.

11. While we have no obligation to do so, we may refuse, erase, or modify any submission to ensure compliance with any applicable laws or our policies in our sole discretion.

12. You may request removal of the untruthful content you submitted if you verify that you are the original submitter of such content via email you used for the submission.

13. If you post comments for the same report under different aliases, we may: a) change your alias to match the original nickname, b) remove the comment(s) altogether, or c) place an {ADMIN COMMENT} within said comment to notify other users that the stated comment is written by the original author.

14. You will not submit any viruses, worms, harmful links or anything else that would interfere with others' proper use and enjoyment of the Site.

15. You will abide by these Submission Guidelines, Privacy Policy, Terms of Use and all

disclaimers on the pages of ReportYourEx.com. The date these Submission Guidelines have been modified last is indicated at the top of this page. We may periodically update these Submission Guidelines at our sole discretion without prior notice to you, so please check back periodically because your visits following the Effective Date constitute your acceptance of the updated provisions. If you do not agree to these Submission Guidelines or any of the aforementioned documents that are hereby incorporated herein by reference, you may not submit any content to us and must exit the Site.

Need To Report Your Ex?



Advertisements

---









ADVERTISEMENT



Remove Unwanted Posts
www.InternetReputation.com/removeinformation
Learn how to remove information from the Internet

## Random Cheaters

- <u>walnut california</u> : emotionally cheating then turned to physi...
- <u>Allan R. Scott of Pleasant Hill, CA</u>: Allan R. Scott of Pleasant Hill, CA I ...
- <u>Armando M Dallas Tx</u>: Selfish and small dick
- <u>Nicole Oneill, Los Angeles, CA, USA</u>: Nicole has a boyfriend that is serving in...
- <u>Jennine Vari. Washington, D.C. District of Columbia, United States</u>: Jennine Allyn Vari used me for months to ...

Designed by <u>Report Your Ex</u> | Powered by <u>Wordpress</u> | Some images credited to Jupiter

Images, Inc. | Privacy Policy | Submission Policy | Sitemap

The content that is published contains rumors, speculation, assumptions, opinions, and factual information. Postings might contain erroneous or inaccurate information and all images are credited to the submitter. The owner of this site does not ensure the accuracy of any content and is indemnified and held harmless from any claims brought by any third party relating to any aspect of ReportYourEx.com. Click here to read all our Terms and Policies.

- Dating
- Testimonials
- Website Reviews
- Marriage
- Removals
- Terms & Policy
- Terms of Use
- Submissions

# EXHIBIT C

- [Home](#)
- [Login](#)
- [About](#)
- [Report Your Ex Here!](#)
- [Removals](#)
- [FAQ's](#)

Find a Cheater... 🔍



- [Home](#)
- [Login](#)
- [Report Your Ex Here!](#)
- [Ex Report](#)
- [FAQ's](#)
- [Removals](#)

[Home](#) » Terms of Use

# Terms of Use

## TERMS OF USE

*Effective Date: March 1, 2013*

### 1. 1.    **Your Acceptance**

IMPORTANT! These Terms of Use, all linked documents and disclaimers on the pages of ReportYourEx.com (collectively, "Terms" or "Terms of Use") are legally binding on you, so please read them carefully. These Terms apply to you whether you have registered an account on ReportYourEx.com ("Site," "we," "us," or "our") or are simply visiting the Site. The date these Terms have been modified last is indicated at the top of this page. We may periodically update these Terms at our sole discretion without prior notice to you, so please check back periodically because your visits following the Effective Date constitute your acceptance of the updated Terms. If you do not agree to these Terms of Use or any of the aforementioned documents that are hereby incorporated herein by reference, you must exit

the Site.

### 1. 2. **Neutral Venue**

The Site is a neutral provider of an interactive computer service for publishing information submitted by others. Therefore, the Site is immune from liability for published content pursuant to Section 230 of the Communications Decency Act of 1996, codified at 47 U.S.C. § 230. **THE SITE IS not liable for any MONETARY, property OR REPUTATIONAL damage, bodily injury or death of the Site user or any third party. TO THE FULLEST EXTENT PERMITTED BY THE LAW OF APPLICABLE JURISDICTION, THE SITE DISCLAIMS ALL WARRANTIES, EXPRESSED OR IMPLIED. Under no circumstances will the Site be liable for any amounts exceeding the fees collected by us, IF ANY.**

### 1. 3. **Intellectual Property**

(1) *General.* Site contents, features and functionality (including but not limited to all information, text, displays, images, video and audio, and the design, selection and arrangement thereof) are protected by the US and international copyright, trademark, trade secret and other intellectual property or proprietary rights laws.

(2) *License to Your Content.* You retain intellectual property rights to the content you submit to the Site, provided however that by submitting any content, you grant the Site a worldwide, royalty-free, non-exclusive, transferable license (with right to sub-license) to use, reproduce, distribute, prepare derivative works of, display, and perform that content, including without limitation for promoting the Site in any media formats and through any media channels. You represent and warrant that you possess (and will continue to possess) all necessary licenses, rights, consents, and permissions necessary to use your content as contemplated by these Terms.

(3) *DMCA.* The Site respects the intellectual property rights of others and expects users to do the same. In accordance with the Digital Millennium Copyright Act of 1998, the text of which may be found on the U.S. Copyright Office website at http://www.copyright.gov/legislation/dmca.pdf, we will address the claims of copyright infringement committed using our Website if such claims are reported to our designated DMCA Copyright Agent at dmca@reportyourex.com. If we believe that any posted material violates any applicable law, we will remove or disable access to any such material. In notifying us of alleged copyright infringement, include the following information: (i) description of the copyrighted work that is the subject of claimed infringement; (ii) description of the infringing material and information sufficient to permit us to locate the alleged material; (iii) contact information for you, including your address, telephone number and/or e-mail address; (iv) a statement by you that you have a good faith belief that the material in the manner complained of is not authorized by the copyright owner, or

its agent, or by the operation of any law; (v) a statement by you, signed under penalty of perjury, that the information in the notification is accurate and that you have the authority to enforce the copyrights that are claimed to be infringed; and (vi) a physical or electronic signature of the copyright owner or a person authorized to act on the copyright owner's behalf. Failure to include all of the above-listed information may result in the delay of the processing of your complaint.

### 1. 4.   Your Representations, Warranties and Responsibilities

By visiting or using the Site, you represent, warrant and agree that:

(1)  You are of l\*\*\*\* age and capacity to form a binding contract in your jurisdiction.

(2)  All content you submit to the Site must conform to the Submission Guidelines and you acknowledge that any personal information you submit to the Site is governed by the Privacy Policy. You acknowledge that posting content in violation of any law in your jurisdiction may potentially subject you to civil and criminal liability.

(3)  All user content is provided "as is," without warranties of any kind whatsoever. We do not monitor, approve, edit, sanction, encourage, verify or agree with any user submitted content.

(4)  You will only use the Site for personal, non-commercial purposes. Your access to and use of the Site or any part thereof will not constitute a breach or violation of any other agreement, contract, terms of use or law.

(5)  You will not use the Site for any illegal purpose. You must not copy, transmit, modify, create derivative works of, publicly display, publicly perform or republish any of the material on the Site, except as permitted by these Terms for personal permissible use.

(6)  You may be exposed to information, images and videos you may find objectionable, lewd, indecent, vulgar or offensive.

(7)  You will not delete or alter any copyright, trademark or other proprietary rights notices from copies of materials from this Site.

(8)  You will not use the information contained on the Site for the purposes of competing with the business of the Site or any of its affiliates.

(9)  You will not send, or procure the sending of, any advertising or promotional material, or any unsolicited communication without our prior written consent.

(10) You will not use any device, software or routine that interferes with the proper working of the Site or interferes with anybody's use of the Site.

(11) You will not use any automated or manual software or processes to "crawl" or "spider" any of the Site's pages to collect site usage statistics, pricing data, information about users, etc.

(12) You will not attempt to gain unauthorized access to, interfere with, damage or disrupt any parts of the Site, the server on which the Site is stored, or any server, computer or database connected to the Site.

## 1. 5.   Indemnification, Liquidated Damages

(1) *Indemnification*. You agree to defend, indemnify and hold harmless the Site, its affiliates and licensors and their respective officers, directors, employees, contractors, agents, and licensors from and against any claims, liabilities, damages, judgments, awards, losses, costs, expenses or fees (including reasonable attorneys' fees) resulting from the content you submit, your violation of these Terms of Use or your use of the Site, including, without limitation, any submission, use of or reliance on the Site content.

(2) *Liquidated Damages*. In the event of a material breach of these Terms, including without limitation the content you submit, we shall be entitled to liquidated damages from you in the amount of $10,000 (Ten Thousand Dollars) per breach. You agree that this amount is not a penalty but a reasonable estimate of the damages that would result from a breach, and such damages would be impractical or impossible to calculate. In the event that l**** action becomes necessary for the enforcement of all or any part of these Terms or to collect the liquidated damages provided for herein, we shall recover reasonable attorneys' fees in addition to any other damages or relief awarded. You acknowledge that in the event of a breach, we shall be entitled to recover injunctive relief as well as liquidated damages, and that the liquidated damages provision included herein does not provide us with an adequate remedy at law. You further acknowledge that remedies provided in these Terms of Use are cumulative and not exclusive of any other rights or remedies that may be available to the parties, whether provided by law, equity, statute, in any other agreement between the parties or otherwise.

## 1. 6.   Limitation of Liability

(1)  ALL CONTENT IS PROVIDED "AS IS" AND WITHOUT WARRANTIES OF ANY KIND, EITHER EXPRESS OR IMPLIED, STATUTORY OR OTHERWISE, INCLUDING BUT NOT LIMITED TO ANY WARRANTIES OF MERCHANTABILITY, NON-INFRINGEMENT AND FITNESS FOR PARTICULAR PURPOSE.

(2)  We do not warrant or make any representation regarding any Site content's truthfulness, accuracy, completeness or reliability. We do not warrant that the functions contained in any content or your access to the Site will be uninterrupted or error-free, that

any errors will be corrected or that the Site or the server which stores and transmits content to you are free of viruses or any other harmful component. You assume the entire cost of any necessary verification, maintenance, repair and/or correction of any relevant content.

(3)  UNDER NO CIRCUMSTANCES WILL WE BE LIABLE FOR ANY DIRECT, INDIRECT, SPECIAL, INCIDENTAL, CONSEQUENTIAL OR PUNITIVE DAMAGES, INCLUDING BUT NOT LIMITED TO EMOTIONAL DISTRESS, LOSS OF GOODWILL OR REPUTATION, PERSONAL INJURY, PAIN AND SUFFERING, LOSS OF REVENUE, LOSS OF PROFITS, LOSS OF BUSINESS OR ANTICIPATED SAVINGS, LOSS OF DATA, WHETHER CAUSED BY TORT (INCLUDING NEGLIGENCE), BREACH OF CONTRACT OR OTHERWISE, EVEN IF FORESEEABLE. SOME JURISDICTIONS DO NOT ALLOW THE LIMITATION OR EXCLUSION OF LIABILITY FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO SOME OF THE ABOVE LIMITATIONS MAY NOT APPLY IN YOUR JURISDICTION.

(4)  **Under no circumstances will we be liable for any amounts exceeding the amounts actually paid to us, if any. NO CLAIM, SUIT OR ACTION SHALL BE BROUGHT AGAINST us MORE THAN ONE YEAR AFTER THE RELATED CAUSE OF ACTION HAS OCCURRED.**

1.  **7.    User Accounts**

(1)  Certain features of the Site, such as uploading content, are only available to users who register an account. By registering an account, you agree to only provide truthful, non vulgar, non offensive and not misleading information. You are responsible for maintaining the confidentiality of your login credentials. You agree to update your registration information as it changes. You must notify us immediately in the event you suspect any unauthorized use of your account.

(2)  We reserve the right, using reasonable discretion appropriate under circumstances, to refuse registration to anyone or to terminate any user account for any reason. We have the right to take any action that we deem necessary or appropriate if we believe that such user violates the Terms of Use, infringes any intellectual property right or other right, posts defamatory or otherwise objectionable content, threatens the personal safety of users of the Site or the public. We may:

1.  Disclose your identity to any third party who claims that content submitted by you violates their rights, including without limitation their intellectual property rights or their right to privacy.
2.  Take appropriate l**** action, including without limitation, referral to law enforcement, for any illegal or unauthorized use of the Site. We have the right to fully cooperate with any law enforcement authorities or court order requesting or directing us to disclose the identity of anyone posting any materials on or through the Site.
3.  Terminate or suspend your access to all or part of the Site for any or no reason, including without limitation, any violation of these Terms of Use.

4. Block violator's IP address and/or notify his or her Internet Service Provider.

(3)  Nevertheless, we cannot undertake to review all material before it is posted on the Site for accuracy, and cannot ensure prompt removal of objectionable material after it has been posted. Accordingly, we assume no liability for any action or inaction regarding transmissions, communications or content provided by any user or third party.

1. **8.**   **Links**

(1)  The Site contains links to other websites, content or resources. We are not responsible for the content of those websites or resources, therefore, we disclaim all liability related to them. The Site contains paid advertising but all third party advertising (including referral buttons and embedded hyperlinks) does not constitute recommendations or endorsements by us or our affiliates. Please verify all information and advertising with independent sources and rely on that information at your own risk. Third party websites may be governed by their own terms of use and related documents which are different from our Terms, please verify directly at those third party websites.

(2)  You may link to our Site, provided you do so in a way that is fair, l**** and does not suggest any form of association, approval or endorsement on our part where none exists. You may not establish a link from any website that is not owned by you. You cannot frame our Site on any other site. You agree to cooperate with us in causing any unauthorized framing or linking immediately to cease. We reserve the right to withdraw linking permission without notice.

1. **9.**   **Content Removal and Modification**

As a neutral venue, we do not ourselves provide any forms of dispute resolution and do not verify the truth or accuracy of any content. We remove or modify content if ordered to do so by a court order or by a neutral third party arbitration service accessible via links from our Site. We reserve the right, but have no obligation, to remove or edit any content, including without limitation obscenities, foul language, threats and private information such as telephone numbers, addresses, social security numbers and credit/debit card numbers or any material we consider inappropriate for any reason.

1. **10.**  **Governing Law**

These Terms of Use shall be governed by the laws of Nevada–you want to list your state, without regard to conflict of laws provisions that would result in the application of the laws of any other jurisdiction. The United Nations Convention on Contracts for the International

Sale of Goods and any legislation implementing said Convention do not apply to these Terms of Use.

1. **11.** <u>**Arbitration**</u>

We strive to provide speedy, cost effective and neutral means of resolving any disputes. Therefore, any controversy or claim relating to ReportYourEx.com shall be settled by binding non-appearance-based arbitration administered by an alternative dispute resolution ("ADR") provider acceptable to all parties involved. If the parties cannot agree on which ADR provider to use, the claim shall be resolved by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

Any arbitration proceeding will be conducted over the telephone and/or online, based on the submission of documents and there shall be no in-person hearing. The arbitration shall be conducted by an arbitrator in Clark County, Nevada who is approved or otherwise affiliated with the AAA. The arbitrator will have no authority to award punitive or other damages not measured by the prevailing party's actual damages, except as may be required by statute. The arbitrator shall not award consequential damages in any arbitration initiated under this section. Each party shall bear its own costs and expenses and an equal share of the arbitrators' and administrative fees of arbitration. Except as may be required by law, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both parties. The parties agree that failure or refusal of a party to pay its required share of the deposits for arbitrator compensation or administrative charges shall constitute a waiver by that party to present evidence or cross-examine witness. In such event, the other party shall be required to present evidence and I**** argument as the arbitrator may require for the making of an award. Such waiver shall not allow for a default judgment against the non-paying party in the absence of evidence presented as provided for above.

**PARTIES UNDERSTAND THAT THEY ARE WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A c*********** WITH RESPECT TO THE CLAIMS COVERED BY THIS MANDATORY ARBITRATION PROVISION.**

1. **12.** <u>**Miscellaneous**</u>

*Independent contractors.* The Site and you are independent contracting parties and there is no relationship of agency, partnership, joint venture or any similar association formed by your use of the Site.

*Captions and Headings.* The captions and headings of these Terms are for convenience of

reference only and have no legally binding effect.

*Prevailing Language.* If we have provided you with a translation of the English language version of these Terms or any other documents, you agree that such translation is provided for your convenience only and that the English language version, not the translation, will be legally binding.

*Severability.* If and to the extent any provision of these Terms is held illegal, invalid, or unenforceable in whole or in part under applicable law, such provision or such portion thereof shall be ineffective as to the jurisdiction in which it is illegal, invalid, or unenforceable but only to the extent of its illegality, invalidity, or unenforceability and shall be deemed modified to the extent necessary to conform to applicable law so as to give the maximum effect to the intent of the parties.

*No Waiver.* No term or provision in the Terms of Use will be considered waived, and no breach excused, unless such waiver is in writing signed on behalf of the party against whom the waiver is asserted. No waiver (whether express or implied) will constitute consent to, waiver of, or excuse of any other, different, or subsequent breach.

*Assignment.* We may transfer, assign or subcontract the rights, interests or obligations under these Terms, at our sole discretion, without obtaining your consent.

*No Third Party Rights.* These Terms of Use do not confer any rights on any third party.

*Entire Agreement.* These Terms of Use and all linked documents that are hereby incorporated herein by reference constitute the entire agreement between you and us, and supersede any other communications or advertisements with respect to the Site.

1. **13.  <u>Contact Us</u>**

You may address your questions, concerns and feedback <u>here</u>

Need To Report Your Ex?



Advertisements











## Random Cheaters

- Clay Garrison Austin,TX : This guy is just evil.Loves to brag about...
- Alex Boudreau, Marinsburg, West Virginia: Alex Boudreau is a year younger then his ...
- Peter Alfred Tilley.. Perth and Port Hedland WA Australia ter Cheaters First, Middle Last Name. City. State and Country here.: Peter Alfred Tilley is a Narcisstic sick...
- Kevin W. Dell Columbia,SC: This man came in to my life claimed he ha...
- Martin O'Sullivan, Kamloops, BC, Canada: This slime has a wife and small child. He...

Designed by Report Your Ex l Powered by Wordpress l Some images credited to Jupiter

Images, Inc. | Privacy Policy | Submission Policy | Sitemap

The content that is published contains rumors, speculation, assumptions, opinions, and factual information. Postings might contain erroneous or inaccurate information and all images are credited to the submitter. The owner of this site does not ensure the accuracy of any content and is indemnified and held harmless from any claims brought by any third party relating to any aspect of ReportYourEx.com. Click here to read all our Terms and Policies.

- Dating
- Testimonials
- Website Reviews
- Marriage
- Removals
- Terms & Policy
- Terms of Use
- Submissions