# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

JANE DOE,

    Plaintiff,

v.

GRAMBLING . Dominque Jr.,
a.k.a. ERNEST EUGENE SLADE,
TRUTH IN POSTING, LLC,
d/b/a truthinposting.com,
MARGARET PICKARD,
NICHOLAS ANTHONY COLLINS,
d/b/a SUPR d/b/a SUPR. CO.,
JOHN DOE,
d/b/a removeaposting.com
VIAVIEW, INC.,
REMOVE NAMES, INC.,
WEB SOLUTION HOLDINGS, INC.,

    Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-04270-HLM

## ORDER

The case is before the Court on Defendants Margaret Pickard and Truth in Posting, LLC's ("Truth in Posting

Defendants") Motion to Dismiss for Lack of Personal Jurisdiction [19] and Defendants Nicholas Collins, Web Solution Holdings, Inc., and Remove Names, Inc.'s ("Collins Defendants") Motion to Dismiss [63].

## I. Background

### A. Procedural Background

Plaintiff filed this case on December 26, 2013. (Docket Entry No. 1.) On March 3, 2014, Truth in Posting Defendants filed a Motion to Dismiss on the grounds of lack of personal jurisdiction. (Docket Entry No. 19.) On August 14, 2014, Collins Defendants filed a Motion to Dismiss on the grounds of improper joinder, lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process. (Docket Entry No. 63.)

The briefing process is complete for the Truth In Posting Defendants' Motions to Dismiss and the Court finds the issue ripe for resolution. No reply is necessary for the Collins Defendants' Motion to Dismiss.

### B. Factual Background.

#### 1. Allegations of Plaintiff's Complaint

Plaintiff alleges that Defendants unlawfully published defamatory material about Plaintiff and engaged in racketeering and extortion to profit from the removal of the defamatory material. Plaintiff alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1961, et seq. as well as claims for defamation, intentional infliction of emotional distress, and violations of Georgia's common law right of publicity and the

Georgia Fair Business Practice Act. (See generally 2nd Amd. Compl.)

Plaintiff is a citizen of and domiciled in the State of Georgia. (2nd Amd. Compl. (Docket Entry No. 38) ¶ 16.) Defendant Truth in Posting, LLC. d/b/a truthinposting.com is a Nevada corporation with its registered agent in Henderson, Nevada. (2nd Amd. Compl.¶ 8.) Defendant Margaret Pickard is a citizen of the State of Nevada. (2nd Amd. Compl. ¶ 9.) Defendant Nicholas Collins is a resident of the State of Maryland. (2nd Amd. Compl. ¶ 10.) Supr d/b/a Supr Co. is an unincorporated business or trade name registered with the State of Maryland with its principal place of business in Manchester, Maryland. (2nd Amd. Compl. ¶ 11.) Defendant Remove Names is a Maryland corporation

4

AO 72A

with its principal place of business in Westminster, Maryland. (2nd Amd. Compl. ¶ 12.) Defendant Web Solution Holdings, Inc. is an unregistered company that is controlled by Defendant Collins. (2nd Amd. Compl. ¶ 13; Declaration of Defendant Nicholas Collins (Docket Entry No. 63-1) ¶ 11.)[1]

This case arises from an alleged defamatory posting about Plaintiff on the internet. Plaintiff alleges that on or about August 28, 2013 Defendant Grambling T. Dominique, Jr. ("Dominique") posted a statement about Plaintiff on the website reportyourex.com. (2nd Amd. Compl. ¶ 29.)

---

[1] Collins Defendants' Motion To Dismiss indicates that the Collins Defendants will stipulate to jurisdiction in Nevada and also appears to suggest that they would also be subject to personal jurisdiction in Maryland. (Collins Defs. Mot. Dismiss (Docket Entry No. 63) at 8 n.2.)

Plaintiff claims these statements were defamatory and injurious to her reputation. (2nd Amd. Compl. ¶¶ 31-36.)

Plaintiff's claims of racketeering and extortion arise because reportyourex.com directs those seeking to have posting removed to visit the websites truthinposting.com, removemyname.com, or removenames.com. (2nd Amd. Compl. ¶ 47.) These services claim to be independent arbitrators who, for a fee, may be able to assist in removing a posting. (2nd Amd. Compl. ¶¶ 48-49.) Plaintiff alleges that Defendant Collins owns reportyourex.com as well as several of the removal arbitration websites, resulting in conspiracy and extortion of people who are posted about on repourtyourex.com. (2nd Amd. Compl. ¶¶ 54-56.)

AO 72A

## 2.   Evidence Submitted by Defendants

Truth in Posting Defendants submitted the affidavit of Defendant Pickard in support of their Motion to Dismiss. Defendant Pickard is the owner and managing member of Truth in Posting, LLC.  Defendant Pickard states in her affidavit:

> 2. I am the owner and managing member of Truth in Posting, LLC and a resident of Clark County, Nevada. ...
> 9. Thirty-four (35) of those cases, or 3.11%, were referred from reportyourex.com. Truth in Posting does not make a discernable effort to serve a market in Georgia, and only twenty (20) of the total 1,125 cases, or 1.7%, were for people in Georgia.
> 10. Truth in Posting has never had a single Georgia case related to reportyourex.com.
> 11. Truth in Posting did not directly advertise its services to Georgians beyond the fact that its website can be

7

seen by anyone in the world with an internet connection; Truth in Posting does not have any property, including bank accounts, in Georgia. Truth in Posting does not have a registered agent in Georgia. Truth in Posting owns no subsidiaries in Georgia. Truth in Posting does not send goods or materials to Georgia. Truth in Posting does not have employees nor maintain offices in Georgia. Truth in Posting is not licensed in Georgia. Truth and Posting has never held or been present at a meeting in Georgia. Truth in Posting has never made a stock transfer from or to someone in Georgia. Truth in Posting has never paid a salary to anyone in Georgia. Truth in Posting has never sent money to Georgia at all. The only contact Truth in Posting has had with Georgia in the course of its business [is] to aid twenty individuals (1.7% of its total business) remove unwanted statements from various websites, none of which, to Truth in Posting's knowledge, are affiliated with Georgia, and none of which was reportyourex.com. The location of these individuals is inconsequential to the

8

> services provided by Truth in Posting, as the entire transactions occurred in cyberspace.

(Aff. of Defendant Margaret Pickard (Docket Entry No. 19-2) ¶¶ 2, 9-11.)

Collins Defendants submitted the Declaration of Defendant Collins in support of their Motion to Dismiss. Defendant Collins states in his declaration that:

> 1. I am a resident of Manchester, Maryland.
> 2. I have only ever resided in the state of Maryland. ...
> 5. I have never worked or resided in the State of Georgia.
> 6. I have never traveled to the State of Georgia.
> 7. I do not own real property located in the State of Georgia.
> 8. I do not have any bank accounts held by banks in the State of Georgia.
> 9. SUPR is a defunct and nonexistent holding company, which does not have

> employees, own property, or hold bank accounts in the State of Georgia, or any other state.
>
> 10. Remove Names is a Maryland corporation, which does not have employees, own property, or hold bank accounts in the State of Georgia.
>
> 11. Web Solution Holdings is a defunct and nonexistent holding company that was set up, but has not been incorporated or conducted business in any state, does not have any employees, does not own any property, in the State of Georgia, or any other state.
>
> 12. I, neither for myself or on behalf of SUPR, Remove Names, or Web Solution Holdings, do not direct advertising at residents of Georgia.
>
> 13. I have never directly solicited business from residents of the State of Georgia.

(Collins Decl. ¶¶ 1-2, 5-13.)

10

## II. Motion to Dismiss

### A. Rule 12(b)(2) Motion to Dismiss Standard

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting United Techs. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)). "Where, as here, the Defendant challenges jurisdiction by submitting affidavit evidence in support of its position 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" Id. (quoting Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)). "Where the plaintiff's

11

complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." Meier, 288 F.3d at 1269.

## B. Personal Jurisdiction under the Fourteenth Amendment

Determining whether a federal court sitting in diversity can exercise jurisdiction over a non-resident defendant is a two-step inquiry. Diamond, 593 F.3d at 1257. "[T]he exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Id. at 1257-58 (internal quotation marks omitted) (quoting United Techs., 556 F.3d at 1274). The Due Process Clause requires "that the defendant's conduct

and connection with the forum State [be] such that he should reasonably anticipate being haled into court there." Burger King Corp v. Rudzewicz, 471 U.S. 462, 474 (1985) (internal quotation marks omitted) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). A court has jurisdiction over nonresidents who have established "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (internal brackets and quotation marks omitted) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, (1945)).

The "nature and quality" of the minimum contacts that must be established depends on whether the plaintiff is asserting "general" or "specific" jurisdiction. Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1291 (11th Cir.2000). For general jurisdiction to apply, the plaintiff must demonstrate that the nonresident defendant's contacts with the forum state are "continuous and systematic." Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc., 786 F.2d 1055, 1057 (11th Cir.1986). A plaintiff asserting specific jurisdiction, on the other hand, must show that the defendant "purposefully directed" its activities toward the forum state and that the litigation results from alleged injuries that arise out of or relate to those activities. Burger King, 471 U.S. at 472. Plaintiff concedes that this Court

14

cannot exert general jurisdiction over Truth in Posting and Collins Defendants, thus the Court will only consider whether it has specific jurisdiction over those Defendants.

Truth in Posting and Collins Defendants did not purposefully direct their activities at the State of Georgia. There is no evidence that those Defendants targeted Georgia beyond maintaining a website that is publically accessible. They did not focus the website's content on Georgia, advertise in Georgia, or take other steps to target Georgia. See e.g., Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cnty., 480 U.S. 102, 112 (1987) (finding that defendant did not purposefully direct itself toward the forum state by merely placing a product in the stream of commerce).

15

Plaintiff argues that the mere fact that Truth in Posting and Collins Defendants' websites are "available and accessible to Georgia residents 24 hours a day is sufficient to establish the minimum contacts necessary for the Court to exercise jurisdiction." (Pl's. Response to Truth in Posting Defendant's Motion to Dismiss (Docket Entry No. 24) at 20.) If accepted, this argument would make the owner of any website subject to the jurisdiction of the courts of all fifty states and the District of Columbia just for publishing a website accessible by anyone with internet access. Such a rule would not comport with traditional notions of fair play and substantial justice, and potential defendants could not reasonably foresee being hailed into court in all of those jurisdictions.

Furthermore, the contacts that Truth in Posting and Collins Defendants have with Georgia are unrelated to the causes of action against them.[2] Truth in Posting does receive some of its revenue from Georgia, but none of that revenue came from Plaintiff or was attributable to reportyourex.com, and those contacts with Georgia are unrelated to the present claim. Even if Truth in Posting's Georgia revenue was generated under similar occurrences, those exchanges did not involve Plaintiff and did not cause Plaintiff's injury. The Truth in Posting Defendants have no other contacts with Georgia.

---

[2] This Court previously found that the defendants, other than Defendant Dominique, are not liable for the claims arising out of the defamation, only for the claims related to their business practices.

With regards to the Collins Defendants, there is no evidence of any contacts with Georgia. No evidence indicates the arbitrating websites receive revenue from Georgia. Plaintiff only suggests that other Georgia residents "potentially" could have paid those websites money. reportyourex.com does have a posting about Plaintiff, but that is not a contact with the forum of the State of Georgia; it is merely allegations about Plaintiff. Beyond maintaining a website that is accessible from Georgia, Collins Defendants do not have contacts with Georgia which could be used to justify personal jurisdiction over them.

For the above reasons, Truth in Posting and Collins Defendants lack minimum contacts purposefully directed at the State of Georgia and related to the injury complained of

18

by Plaintiff. The Court therefore cannot exercise personal jurisdiction over those Defendants.

### C. Remaining Issues

The Court declines to rule on the other issues raise by the Collins Defendants' Motion to Dismiss as the finding that the Court lacks authority to exercise personal jurisdiction over Collins Defendants renders the remaining issues moot.

### III. Conclusion

ACCORDINGLY, the Court **GRANTS** Defendants Collins, Web Solution Holdings, Inc. and Remove Names, Inc.'s Motion to Dismiss [63] and **GRANTS** Defendants Truth in Posting, LLC and Pickard's Motion to Dismiss for Lack of Personal Jurisdiction [19]. The Court **DISMISSES** Plaintiff's claim against Defendants Collins, Web Solution

19

Holdings, Inc., Remove Names, Inc., Truth in Posting, LLC, and Pickard **WITHOUT PREJUDICE**.

IT IS SO ORDERED, this the ___9th___ day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE