# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

JANE DOE,

    Plaintiff,

v.

CIVIL ACTION FILE
NO. 1:13-CV-04270-HLM

GRAMBLING . DOMINIQUE Jr.,
a.k.a. ERNEST EUGENE SLADE,

    Defendant.

## ORDER

This case is before the Court on Plaintiff's Motion to Strike Defendants' Response to Motion for Damages/Motion to Set Aside Default [75].

On August 7, 2014, this Court entered an Order granting Plaintiff's Motion for Default Judgment against Defendant Grambling Dominique and directing Plaintiff to file a brief with evidence supporting any claims for

AO 72A

damages. (Order of Aug. 7, 2014 (Docket Entry No. 62).) On August 28, 2014, Plaintiff filed the Brief in Support of Damages. (Br. Supp. Damages (Docket Entry No. 65).) On September 11, 2014, Defendant Nicholas Collins, et. al, (the "Website Defendants") filed a Response to Plaintiff's Motion for Damages or alternately a Motion to Set Aside Default. (Resp. Pl. Mot. Supp. Damages (Docket Entry No. 70).) In response, Plaintiff filed the Motion presently before the Court. (Pl. Mot. to Strike Def. Resp. to Mot. Supp. Damages (Docket Entry No. 75).)

The Court, however, previously granted Website Defendants' Motion to Dismiss and entered an Order dismissing them from the case on September 9, 2014. (Order of Sept. 9, 2015 (Docket Entry No. 68).) Upon

AO 72A

learning that they had been dismissed from the case, Website Defendants withdrew their Response to Motion for Damages. (Notice of Withdrawal of Resp. Mot. Supp. Damages (Docket Entry No. 78).) The Court thus finds that Plaintiff's present Motion to Strike should be dismissed as moot. The Court similarly finds that Plaintiff is not entitled to attorney fees for the costs of responding to Website Defendant's Motion because at the time Plaintiff filed this response, Plaintiff knew, or reasonably should have known, that that Website Defendant's Motion was moot. (See Pl. Mot. to Strike Def. Resp. to Mot. Supp. Damages at 3.)

Finally, the Court reminds Plaintiff, as it has reminded other Parties to this case, to treat all Parties with civility and to exercise proper respect and decorum expected of an

3

AO 72A

officer of the Court, despite one's difficulties with one's opposition. "Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005) (internal quotation marks and citation omitted). "[I]f the complaint or other pleadings are abusive or contain offensive language, they may be stricken sua sponte under the inherent powers of the court." Id. (alteration in original) (internal quotation marks and citation omitted). The Court reminds both Parties that, while they may have intractable

4

AO 72A

and emotional disputes, they are to remain polite and civil in filings with the Court.

ACCORDINGLY, the Court **DISMISSES AS MOOT** Plaintiff's Motion to Strike [75].

IT IS SO ORDERED, this the 15day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE